**Opinion filed May 12, 2022**



## In The

# Eleventh Court of Appeals

———————

## No. 11-22-00103-CR

———————

## IN RE LUIS ORTIZ

---

**Original Mandamus Proceeding**

---

## M E M O R A N D U M   O P I N I O N

This proceeding involves a request by Luis Ortiz, Relator, for a nunc pro tunc judgment reforming Relator's presentence jail-time credit. Relator filed his motion for a nunc pro tunc judgment in the convicting court, the 32nd District Court of Nolan County, Texas, in trial court cause no. 8752. Relator later filed a petition for writ of mandamus in this court. In his petition, Relator first asks that we issue mandamus to require the trial court to rule on his motion for a nunc pro tunc judgment. He next asks that we issue mandamus to require the trial court to grant Appellant's motion. We conditionally grant, in part, Relator's petition for writ of mandamus—only as to the first request.

After Relator filed his petition in this court, we requested that the respondent, the Honorable Judge Glen Harrison, file a response. Judge Harrison promptly did so, explaining the reasons why he could not, without more information or a reporter's record, declare that the time credited to Relator on the June 3, 1998 judgment of conviction for murder was inaccurate. Judge Harrison, however, has not actually ruled on Relator's motion for a nunc pro tunc judgment.

To be entitled to mandamus relief, a relator must show (1) that he has no adequate remedy at law for obtaining the relief he seeks and (2) that he has a clear right to the relief he seeks. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017); *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). When the relief sought involves an act of a court, the relator must demonstrate that the act is ministerial, rather than judicial. *Powell*, 516 S.W.3d at 495. A trial court has a ministerial duty to rule on a properly filed motion within a reasonable time after the motion has been submitted to the court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). Thereafter, if the trial court fails to rule, mandamus may issue to compel the trial court to enter a ruling on the motion. *Id.*

Here, Relator seeks, in part, to compel the trial court to rule on Relator's motion for a nunc pro tunc judgment. Judge Harrison has a ministerial duty to rule on Relator's motion for a nunc pro tunc judgment. *See id.* at 474. Thus, Relator seeks to compel a ministerial act, rather than a discretionary act, and he has no adequate remedy by appeal from the trial court's failure to rule.

Therefore, we conditionally grant in part Relator's petition for writ of mandamus. The Honorable Judge Glen Harrison is directed to enter a ruling on

Relator's Motion Nunc Pro Tunc. A writ of mandamus will issue only if Judge Harrison fails to enter a ruling by May 23, 2022.

PER CURIAM

May 12, 2022

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.